**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| BERTELINE NICOLE TOUKAM BIADJEU TCHETGNIA, | : | Case No. 1:25-cv-89 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al., | : | |
| | : | |
| Defendants. | : | |

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 11)**

---

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 11). Plaintiff did not file a response, and the time to do so has passed. Thus, the matter is ripe for the Court's review. For the following reasons below, Defendants' Motion to Dismiss (Doc. 11) is **GRANTED**.

## BACKGROUND

On March 18, 2016, Plaintiff filed a Form I-589 asylum application. (Compl., Doc. 1, ¶ 13.) The application was accepted as "properly filed" that same day, but the United States Citizenship and Immigration Services have not yet rendered a decision on Plaintiff's application. (*Id.*) Plaintiff since filed her Complaint in the District of Maryland on November 26, 2024, bringing claims for: (1) mandamus relief; (2) two violations of the Administrative Procedure Act; (3) declaratory judgment; (4) and violation of the Equal Access to Justice Act. (*See* Compl., Doc. 1.) The Complaint was then transferred to the

Southern District of Ohio. (Notice, Doc. 6.) Defendants now move to dismiss Plaintiff's claims. (Motion to Dismiss, Doc. 11.)

**LAW**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction by raising a facial attack or a factual attack. *Golden v. Gorno. Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack "questions merely the sufficiency of the pleading" in alleging subject-matter jurisdiction, and the Court takes the allegations raised in the complaint as true. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Alternatively, "[i]n the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." The plaintiff bears the burden of proving that jurisdiction is proper. *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

**ANALYSIS**

Defendants argue that this case is moot and the Court does not have jurisdiction because Plaintiff's I-589 application was referred to an immigration judge and she was issued a notice to appear. (Motion, Doc. 11, Pg. ID 13; Referral Notice, Doc. 11-1; Notice to Appear, Doc. 11-2.) Plaintiff, however, failed to respond to Defendants' Motion. A motion to dismiss that is unopposed may be granted on that basis alone. *Humphrey v. U.S. Attorney Gen.'s Office*, 729 F. App'x 328, 331 (6th Cir. 2008); *see also Burdick v. Anthony*, No.

1:06-CV-2687, 2007 U.S. Dist. LEXIS 5759, at *3 (N.D. Ohio Jan. 26, 2007) ("The district court's power to grant motions to dismiss because they are unopposed is firmly settled.") Plaintiffs who have failed to oppose a motion to dismiss their claims are deemed to have "forfeited" those claims, making dismissal proper. *Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013). Plaintiff has had much longer than the twenty-one-day limit allowed by S.D. Ohio Civ. R. 7.2(a)(2) to respond to Defendants' Motion. Yet, Plaintiff has still failed to respond. Thus, Plaintiff is deemed to have forfeited all of her claims. *Notredan,* 531 F. App'x at 569.

Nevertheless, the Court will still analyze the merits of Defendants' Motion. The question before the Court now is whether the case is moot. Mootness implicates a federal court's subject-matter jurisdiction. *Mokdad v. Sessions*, 876 F.3d 167, 169-170 (6th Cir. 2017). Federal courts may only adjudicate "actual" controversies, so a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982)). In immigration cases, a plaintiff's mandamus action is moot when the government discharges its clear duty to adjudicate the plaintiff's application for an immigration benefit. *Hussein v. Beecroft*, 782 F. App'x 437, 441 (6th Cir. 2019).

Defendants argue that Plaintiff's claims are moot because her I-589 application was referred to the Immigration Court. (Motion, Doc. 11, Pg. ID 13; Referral, Doc. 11-1, Pg. ID 15.) Plaintiff was subsequently issued a Notice to Appear. (Motion, Doc. 11, Pg. ID 10; Notice to Appear, Doc. 11-2.) And, "[i]mmigration judges shall have exclusive

3

jurisdiction over asylum applications filed by an alien who has been served a . . . Notice to Appear, after the charging document has been filed with the Immigration Court." 8 C.F.R. § 208.2(b); *See also Chuner Tu v. Mayorkas*, No. 23-CV-3137, 2024 U.S. Dist. LEXIS 85280, at *6-7 (E.D.N.Y. May 10, 2024). Thus, any writ of mandamus or other order issued by this Court compelling an agency to act on Plaintiff's I-589 application would be improper. *Dzheligov v. U.S. Dep't of Homeland Sec.*, No. 23-985, 2024 U.S. Dist. LEXIS 2376, at *7 (D. Md. Jan. 4, 2024); *Chuner Tu*, 2024 U.S. Dist. LEXIS 85280, at *7. Accordingly, Plaintiff's claims are moot, and this Court does not have jurisdiction.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 11) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. This matter is **TERMINATED** from the Court's Docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND